IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD HILL, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-725-M |
| v. | § | 3:07-CR-289-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Background

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. In September, 2007, Petitioner and thirteen others were charged in a 31-count indictment that alleged an illegal kickback scheme between real-estate developers and officials with the City of Dallas.

Petitioner was charged in Counts 10-12 (conspiracy to commit bribery and specific counts of bribery), Counts 15-17 (conspiracy to commit extortion and two counts of extortion), Count 18 (conspiracy to commit honest-services wire fraud), and Counts 19-20 (conspiracy to commit money laundering). On October 5, 2009, a jury found him guilty on Counts 10-12, 15-16, and 18-19, but acquitted him on Counts 17 and 20. The district court later granted Petitioner's motion for judgment of acquittal on Count 18.

Page 1

On February 26, 2010, the district court varied below the guideline range of life in prison and sentenced Petitioner to an aggregate term of 216 months' imprisonment. The Fifth Circuit Court of Appeals affirmed the judgment and sentence on appeal. *United States v. Reagan, et al.*, 725 F.3d 471 (2013).

On March 3, 2015, Petitioner filed the instant § 2255 petition. He argues:

1. He was denied his constitutional right to a public trial;

2. He received ineffective assistance of counsel when:

    (A) counsel failed to object to the district court's closure of the courtroom during jury selection, which prevented his family, friends, and the media from attending the proceedings;

    (B) counsel failed to discuss with Petitioner his right to a public trial, and the benefits of a public trial;

    (C) counsel failed to request that the district court explain to Petitioner his right to a public trial;

    (D) counsel failed to timely file a motion for new trial based on the denial of Petitioner's right to a public trial;

    (E) counsel failed to be present during the final pre-trial conference, and failed to inquire from other counsel, regarding the district court's discussion of the closure of the courtroom.

On May 7, 2015, the government filed its answer. Petitioner did not file a reply. The Court finds the petition should be denied.

## II. Discussion

### 1. Public Trial

Petitioner argues the district court violated his Sixth Amendment right to a public trial by allegedly sealing the courtroom during voir dire. Petitioner claims this alleged court closure prevented his supporters and the media from being present to support him. Petitioner raised this claim on direct appeal and the Fifth Circuit found the claim waived because Petitioner failed to object to the alleged court closure at the time of trial. *See Reagan*, 725 F.3d at 488-89. Petitioner cannot relitigate this claim in this § 2255 petition. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).

### 2. Ineffective Assistance of Counsel

Petitioner's ineffective assistance of counsel claims all relate to his contention that the Court closed the courtroom during voir dire. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309,

312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner has failed to show he received ineffective assistance of counsel or that the district court closed the courtroom during jury selection. Petitioner states that at a pre-trial conference, the Court informed a media member that due to space constraints, only the parties and their lawyers would be present for voir dire. (ECF No. 1465 at 21.) On June 19, 2009, however, the Court entered an order clarifying that family and close friends of the Defendants would be allowed in the courtroom during voir dire. The order stated that "due to anticipated space limitations" in Courtroom 1516 during jury selection, "no seats will be reserved except for trial counsel, the parties, jury consultants, *and close friends and family members of the defendants.*" (emphasis added) (ECF No. 856.) On June 17, 2009, the district court also entered an order stating that jury selection would begin in Courtroom 1516 on June 22, 2009, and that the doors to the courtroom would open at 8:00 a.m. each day. (ECF No. 839.)

Additionally, the record shows that media personnel were present during jury selection. The Court spoke to a member of the media who had entered the courtroom during the Defendants' *Batson* challenge, and the Court specifically noted that the courtroom was not closed at the time. (ECF No. 1467 at 273.)

Petitioner raised his claim that the courtroom was closed during voir dire in his motion for leave to file a motion for new trial. (ECF No. 1196.) In denying Petitioner's motion, the district court stated:

> Although the Court recalls excluding some observers immediately before the panel entered, including a number of law clerks and interns, no party or non-party ever made any objection (or even a record) about who was or was not present during any part of voir dire, and thus the Court had no opportunity to address any such objection during voir dire. Further, seats were in fact reserved during voir dire for friends and family members designated by the Defendants, and other non-party members of the public were present at various times during voir dire; for example, a hearing conducted before the jury was seated was observed and publicly recorded.

(ECF No. 1224.)

Further, although Petitioner claims his friends, family, and the media were excluded, he submits no affidavit or other evidence from any person who states they were present at voir dire to support Petitioner, and that they were excluded from the courtroom. Petitioner has failed to show that the courtroom was closed during voir dire and that he suffered the required *Strickland* prejudice. His ineffective assistance of counsel claims should be denied.

### III. Recommendation

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this ___ day of _____, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).