IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD HILL, | § | |
|     Petitioner, | § | |
| | § | 3:15-CV-725-M |
| v. | § | 3:07-CR-289-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Before the Court is Petitioner's motion for reconsideration of the final judgment denying his motion to vacate, set-aside, or correct sentence. (ECF No. 19.) Petitioner claims his conviction should be vacated based on the Supreme Court's recent decision in *McDonnell v. United States*, 136 S.Ct. 2355 (2016). For the foregoing reasons, Petitioner's motion should be denied.

II.

The government argues that Petitioner's motion for reconsideration is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA").

The statute provides that the limitations period shall run from the latest of:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In this case, Petitioner relies on the *McDonnell* decision to support his motion. Under § 2255(3), however, Petitioner must show a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. The *McDonnell* decision did create a newly recognized right. As stated by the Supreme Court, the decision only "clarified[ed] the meaning of 'official act.'" *McDonnell*, 136 S.Ct. at 2361. Petitioner has therefore failed to establish that this claim is timely under § 2255(3).

Petitioner has failed to show his claim is timely under any other section of § 2255. Petitioner's conviction became final on March 10, 2014, when the Supreme Court denied his petition for writ of certiorari. *Hill v. United States*, 134 S.Ct. 1514 (2014). Under § 2255(1), Petitioner then had one year, or until March 10, 2015, to file this claim. Petitioner did not file this claim until August 1, 2016.

Petitioner has also failed to show he is entitled to equitable of the limitations period. The

one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). In this case Petitioner has failed to show any rare or exceptional circumstances justifying equitable tolling.

### III.

Petitioner has also failed to show he is entitled to relief under *McDonnell*. In the *McDonnell* case the defendant was indicted for honest services fraud and Hobbs Act extortion charges. To convict the defendant, the government was required to show that the defendant committed, or agreed to commit, and "official act" in exchange for certain loans and gifts. *Id*. at 2361. At issue was the definition of "official act." The parties agreed to use the definition of "official act" found in the federal bribery statute at 18 U.S.C. § 201,[1] and over the defendant's objection, the court included additional language in the jury charge to define "official act." The defendant argued the jury charge's definition was too expansive. The Supreme Court agreed, and clarified the meaning of "official act." The Court stated:

> In sum, an "official act" is a decision or action on a "question, matter, cause, suit, proceeding or controversy." The "question, matter, cause, suit, proceeding or controversy" must involve a formal exercise of governmental power that is similar in nature to a lawsuit before a court, a determination before an agency, or a hearing before a

---

[1] Section 201(a)(3) defines an "official act" as "any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before any public official, in such official's official capacity, or in such official's place of trust or profit."

committee. It must also be something specific and focused that is "pending" or "may by law be brought" before a public official. To qualify as an "official act," the public official must make a decision or take an action on that "question, matter, cause, suit, proceeding or controversy," or agree to do so. That decision or action may include using his official position to exert pressure on another official to perform an "official act," or to advise another official, knowing or intending that such advice will form the basis for an "official act" by another official. Setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – does not fit that definition of "official act."

*McDonnell*, 136 S.Ct. at 2371-72.

The *McDonnell* decision does not alter the outcome in Petitioner's case. Unlike *McDonnell*, the parties in Petitioner's case did not rely on the federal bribery statute at 18 U.S.C. § 201. Additionally, the evidence showed that Petitioner's actions clearly fell within *McDonnell's* definition of "official act." Petitioner took action in his position on the Dallas City Counsel to approve, deny or delay development projects pending before the City Counsel through extortion and bribery. The *McDonnell* decision does not entitle Petitioner to relief. His motion for reconsideration should be denied.

IV.

For the foregoing reasons, the Court recommends that Petitioner's motion for reconsideration, (ECF No. 19), be denied.

Signed this 3rd day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).